2:22-CV-1605-SB-MRW

FILED
CLERK, U.S. DISTRICT COURT
MAR - 9 2022
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

①

To whom it may concern:

My name is Orlando Coleman. I'm a prisoner at North Kern State Prison in Delano, California. I am reaching out with hope and intentions that someone will listen to the voice of a prisoner and his family which have fallen on deaf ears, when pertaining to the saftey, policies and protocols of the North Kern State Prison (N.K.S.P.) Here and after N.K.S.P. Housing facilities when dealing with the ~~NKG~~ Ibercrombie virus, Delta variant virus, and the Covid-19 pandemic. I and other N.K.S.P. prisoners in dorm C-West was exposed to the deadly viruses on December 25, 2021 by an unknown correctional officer on the 3rd watch shift. The 8th Amendment prohibition of cruel and unusual punishment also protects rights to safe and humane conditions that are unsafe that deprive inmates "Basic Human Needs." Due to various Covid-19 viruses prisoners have been put at serious risk due to the exposure to them by not being allowed proper social distancing (6ft apart). Dorm C-West was filled to almost max capacity (200 prisoners) when it should have been half of that number due to the Covid-19 pandemic protocol.

②

The North Kern State Prison Medical staff as well as N.K.S.P. correctional officers neglecting through medical evaluating for prisoners infected by the many covid-19 viruses before intergrating them into main general population. As well as N.K.S.P. corrections officers not properly testing, diagnosing, or producing test results before being placed in dorms for their 8 hour shift. Housing units are being qurantined without proper testing, diagnosing, or producing test results before placing housing units on quarantine. Helling vs. McKenny 509 U.S. 25 (1993). Housing units are constantly placed on Quarntine affecting prisoners scheduled release dates, parole dates, court dates, visitation, commissary dates, and medical visits. unconstitutionally extending prisoners period of incarceration, and violating prisoners due process rights of the 5th, 6th, 8th, and 14th amendmant of the U.S. constitution. While knowing the dangerous effects of the covid-19 viruses, North Kern State Prison officials are acting with "Delibrate Indifference". Wilson vs. Seiter, 501 U.S. 294 (1991) as well as Farmer vs. Brennan, 511 U.S. 825 (1994) A large number of prisoners have filed Grievances

③

that as of yet been unanswered. Vance vs. Polers, 97 F 3D 987 (7th Cir 1996) as well as North Kern State Prison housing facility records that refer to this problem once it was brought to their attention causing an emotional and stressful enviroment. Hill vs. Daka Reg'l Yath Det Ctr, 4 of 3D 1176, 1187 (14th CIR-1994). Although overcrowding is not considered unconstitutional on its own based on the Covid-19 Protocol pertaining to social distancing, N.K.S.P housing facilities are not only overcrowded they deprive prisoners ability to social distancing themselves, which causes an unsafe enviroment. French vs. Owens 777 3F 2D, 1250 (7th CIR-1985) Toussant vs. Yockey 772 2D 1490 (9th CIR-1984). A large number of prisoners, as well as, correctional officers have been diagnosed with one of the many Covid-19 viruses and many housing facilities have been quarntined based on the Pandemic, yet N.K.S.P. medical staff have yet to produce a solution that prevents prisoners and C/o's which have been diagnosed with the virus from coming in contact and passing the virus to other inmates. This creates an unsafe enviroment for: (A) Prisoners who have serious medical needs

④

(covid-19 testing). (B) N.K.S.P. officials showing "Delibrate Indifference" to Prisoners serious Medical needs, Covid-19 testing, social distancing, and Properly quaranting infected Prisoners. (C) This Indifference causes other Prisoners to contract covid-19 Pandemic Protocols Which is within housing facilities. Hill vs. Dekaulb Reg'Det CTR. 40 F 3D 1176, 1187 (11th CH. 1994) Estelle 429 U.S. at 104, Jett vs. Penner, 439 F 3D 1091, 1096 (9th CIR, 2006) Guiterez vs. Pelers 111F 3D 1364, 1369 (7th CIR 1997). Certain conditions may not be considerd unconstitutional on their own, yet they add up to create an overall effect that is unconstitutional. Palem vs. Johnson. 193 F 3D 346 (5th CIR, 1999) In conclusion, the supreme court explains that because a Prisoner must rely on Prison, to treat their medical needs if authorities to treat their medical needs if authorities fail to do so those need will not be Met. Estelle vs. Gamble 429 U.S. 9 103 (1976)

Coleman submits that the action of the N.K.S.P. officials, the N.K.S.P. Medical staff, and the N.K.S.P. office of the inspector general acting in accord of their authority, exist repraisal, and partiality where of resulted in injury to Coleman.

⑤

Coleman submits to declare that in accord to the law of the State of California and under Penalty of Presury within the state that all of his statements Provided here with Citizens complaint are true to the best of his knowledge, and believe to be true aswell.



orlando coleman (CDC #BR2386)

Date 1-17-22

